L KNOLL, J.,
dissenting.
In this technical violation case, there were significant mitigating circumstances and no harm resulted to the client, the public, or the profession. While I agree with the majority’s findings, in my view this case does not rise to the level necessitating the filing of formal charges, but should have been handled through the ODC by means of a diversionary program or a private reprimand, which would have been just as effective. This is the type of case that is recognized in the comments to the 1991 A.B.A. Standards for Imposing Lawyer Sanctions, Standards 1.2 (Public Nature of Lawyer Discipline), which provides in pertinent part:
[I]t is important to note that there are certain situations in which it may be appropriate to impose discipline. In cases of minor misconduct, when there is little or no injury to a client, the public, the legal system, or the profession, and when there is little or now likelihood of repetition, the court or disciplinary counsel should consider imposing an admonition. A private sanction in such cases informs the lawyer that his or her actions are unethical, but does not unnecessarily stigmatize a lawyer from whom the public needs no protection. To deter other lawyers, the court can *1077 still issue a public report describing the facts in cases where ■ admonitions are imposed, but omitting- the names of the disciplined lawyers.
Our rules do not provide for a private discipline once formal charges have been filed. Supreme Court Rule XIX, § 10(A)(5). You cannot “unring” the bell of a public discipline which bears harsh consequences to a respondent and should be reserved only for the well deserved cases. In my view, this case demonstrates the need for our rules to' be refined to include some means for this Court to issue a private discipline.
For these reasons, I respectfully dissent.